UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LORI GORDON,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONAL SEATING & MOBILITY, INC. and PRIDE MOBILITY PRODUCTS CORPORATION,<br><br>    Defendants. | CIVIL ACTION NO.<br>4:20-cv-00018-JPB |

## ORDER

Before the Court is Defendant National Seating & Mobility, Inc.'s ("NSM") Partial Motion to Dismiss Complaint ("Motion"). ECF No. 13. Having reviewed and fully considered the papers filed therewith, the Court finds as follows:

### I.   BACKGROUND

Plaintiff Lori Gordon ("Gordon") filed a complaint against NSM and Pride Mobility Products Corporation (collectively "Defendants") in connection with her January 2018 purchase of a motorized wheelchair from NSM (the "Wheelchair"). Gordon alleges that prior to her purchase, NSM told her that the Wheelchair was "safe, had functional batteries and chargers, and that it would be . . . adequate for use on outdoor terrain." She asserts that NSM also showed her a video that

demonstrated the Wheelchair's purported capabilities and told her the model was appropriate for her because she likes to cook.

Gordon contends that the Wheelchair was "falsely advertised" because the battery failed to charge, and the Wheelchair entered random codes and accelerated and braked on its own. She alleges that Defendants failed to repair or replace the Wheelchair or issue a refund of her payment.

NSM seeks to dismiss Count One (violation of the Magnuson-Moss Warranty Act (the "MMWA")), Count Two (violation of the Georgia Fair Business Practices Act (the "GFBPA")) and Count Five (breach of implied warranty) of the Complaint for failure to state a claim.

Attached to NSM's Motion is a copy of the Wheelchair's Delivery Ticket, which NSM argues the Court should consider because the Delivery Ticket is central to Gordon's claim, and its authenticity is not in dispute. Gordon appears to concede this point because she cites the Delivery Ticket in her own argument.[1]

---

[1] "In ruling upon a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010). *See also Harris v. Ivax Corp.*, 182 F.3d 799, 802 (11th Cir. 1999) ("[A] document central to the complaint that the defense appends to its motion to dismiss is . . . properly considered, provided that its contents are not in dispute."). Here, the Court finds that the Delivery Ticket is central to Gordon's claim because this case involves a breach of warranty, and the Delivery Ticket reflects a warranty disclaimer, which Gordon signed at the time she received the

2

In relevant part, the Delivery Ticket provides as follows:

The products and/or services provided to you by National Seating & Mobility are subject to the supplier standards contained in the Federal regulations shown at 42 Code of Federal Regulations Section 424.57(c).  These standards concern business professional and operational matters (e.g. honoring warranties and hours of operation). The full text of these standards can be obtained at nsm-seating.com.  Upon request we will furnish you a written copy of the standards.

**My signature below acknowledges receipt** of the above equipment . . . .  The customer has been informed and agrees that Company referenced above is not a manufacturer of the equipment and is not responsible for the adequacy of the same or for any defects in the equipment which may appear from the use and maintenance thereof . . . .  Company has not prescribed the equipment and makes no representations with regard to the medical suitability of the equipment for any specific purpose for the customer and **Company hereby expressly disclaims all warranties, whether statutory, express or implied (including the implied warranties of merchantability and fitness for a particular purpose).**  The customer agrees to indemnify and hold Company harmless from and against any claims for damages or injuries whatsoever which may be brought by any person whomsoever arising from the delivery, rental, or use of the said equipment.

## II.   DISCUSSION

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to the plaintiff." *Traylor v. P'ship*

---

Wheelchair.  Since there is no objection from Gordon and given the Delivery Ticket's significance, the Court will consider it without converting NSM's Motion into one for summary judgment.

*Title Co., LLC*, 491 F. App'x 988, 989 (11th Cir. 2012).  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief[, however,] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal punctuation omitted).  *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (A complaint does not suffice "if it tenders naked assertions devoid of further factual enhancement.") (internal punctuation omitted) (quoting *Twombly*, 550 U.S. at 557).

Moreover, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*.  "This standard does not require a party to plead facts with such particularity to establish a significant probability that the facts are true, rather, it requires a party's pleading of facts to give rise to a 'reasonable expectation that discovery will reveal evidence [supporting the claim].'" *Burch v. Remington Arms Co., LLC*, No. 2:13-cv-00185, 2014 WL 12543887, at *2 (N.D. Ga. May 6, 2014) (quoting *Twombly*, 550 U.S. at 555) (alteration in original).  *See also Twombly*, 550 U.S. at 570 (dismissing complaint because the plaintiffs did not state facts sufficient to "nudge[] their claims across the line from conceivable to plausible").

At bottom, the complaint must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" (*Iqbal*, 556 U.S. at 678) and must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Traylor*, 491 F. App'x at 990 (quoting *Iqbal*, 556 U.S. at 678).

### A.  Count One (violation of the MMWA) and Count Five (breach of implied warranty)

NSM contends that Gordon cannot assert a state law claim for breach of implied warranty because NSM expressly disclaimed any such warranties. NSM further argues that because the MMWA does not create a private cause of action for warranty claims and rather provides a fee shifting mechanism for successful state law warranty claims, the failure of Gordon's state law claim means the MMWA claim is not viable.

Gordon responds that § 2308(a) of the MMWA does not permit an entity to disclaim implied warranties if it provides a written (express) warranty for the product. She contends that the following communications from NSM serve as written warranties and therefore nullify NSM's attempt to disclaim the implied warranties: (i) NSM's website, which asserts that the Wheelchair is "comfortable, safe and works completely in sync with [the owner];" (ii) NSM's display of a video demonstrating the Wheelchair's capabilities on rough terrain; and (iii) the

5

oral statements of NSM's employees that the Wheelchair was appropriate for Gordon because she likes to cook and, it was "safe, had functional batteries and chargers, and . . . would . . . be adequate for use on outdoor terrain" (collectively the "Alleged Warranty Statements").

Further, Gordon argues that NSM was not permitted to disclaim any warranty because the Delivery Ticket references 42 C.F.R. § 424.57, which requires suppliers like NSM to "[h]onor all warranties expressed and implied under applicable [s]tate law."

In reply, NSM asserts that the prohibition of implied warranty disclaimers under 15 U.S.C. § 2308(a) does not apply because the Alleged Warranty Statements do not constitute written warranties under the MMWA. NSM also argues that the Alleged Warranty Statements do not constitute express warranties under state law because they are merely "generalized, non-actionable marketing statements" representing NSM's opinions. NSM points to Gordon's decision not to bring a breach of express (written) warranty claim as evidence that she does not consider the Alleged Warranty Statements to comprise written warranties.

Additionally, NSM argues that 42 C.F.R. § 424.57 does not override its ability to disclaim implied warranties for the Wheelchair because, among other things, the regulation requires suppliers to honor warranties under "applicable

6

[s]tate law," and Georgia law, which applies here, allows disclaimers of implied warranties.

Under § 2308(a) of the MMWA, "[n]o supplier may disclaim or modify . . . any implied warranty to a consumer . . . if . . . such supplier makes any written warranty to the consumer." 15 U.S.C. § 2308(a).  The MMWA defines a written warranty as

> any written promise made in connection with the sale of a consumer product by a supplier to a buyer which relates to the nature of the material or workmanship and affirms or promises that such material or workmanship is defect free or will meet a specified level of performance over a specified period of time, or . . . any undertaking . . . to refund, repair, replace, or take other remedial action with respect to such product in the event that such product fails to meet the specifications set forth in the undertaking.

*Id*. at § 2301(6).

In this case, the oral statements are obviously not in writing, and there is no allegation that the video contains text.  Therefore, neither the video nor the oral statements can be considered "written" promises.  Although the website statement is in writing, the communication that the Wheelchair is "comfortable, safe and works completely in sync with [the owner]" simply does not meet the MMWA's definition of a written warranty.  It is not a promise regarding the material or workmanship of the Wheelchair or an affirmation that the Wheelchair will be defect free or will meet a specified level of performance over a specified period of

7

time. The statement also does not constitute a promise of remedial action if there is an issue with the Wheelchair. Therefore, Gordon's claim that the website statement creates a written warranty lacks merit.

The only case Gordon cites in support of her argument, *Global Quest, LLC v. Horizon Yachts, Inc.*, 849 F.3d 1022 (11th Cir. 2017), is inapposite because it involves a ***written*** warranty attached as an addendum to the contract. *See id*. at 1025. Gordon's argument to interpret the Alleged Warranty Statements as written warranties urges an inferential leap this Court is not permitted to take. *See CBS Broad. Inc. v. EchoStar Commc'ns Corp.*, 532 F.3d 1294, 1300 (11th Cir. 2008) (stating that there is no need for further interpretation if a statute's meaning is "plain and unambiguous"). As such, the Court finds that the Alleged Warranty Statements are not ***written*** warranties under the MMWA, and § 2308(a) therefore does not bar NSM from disclaiming any implied warranties.[2]

The Court likewise finds that 42 C.F.R. § 424.57 does not prohibit the implied warranty disclaimer set forth in the Delivery Ticket. As NSM points out, that regulation requires suppliers to honor warranties under ***applicable state law***. Therefore, the statute, on its face, governs only to the extent state law recognizes

---

[2] In light of this finding, the Court does not reach NSM's additional argument that the Alleged Warranty Statements are merely generalized opinions that do not constitute an express warranty.

the warranty.  Because Gordon does not dispute that Georgia law permits implied warranty disclaimers or that the language in the Delivery Ticket meets the statutory requirements for a valid disclaimer, the Court declines to interpret 42 C.F.R. § 424.57 as requiring NSM to provide implied warranties in this case where the applicable state law authorized NSM to disclaim them.  Importantly, Gordon has not provided any authority to support her interpretation of the statute.

Based on the foregoing analysis, the Court finds that the Delivery Ticket contained a valid disclaimer of any implied warranties and dismisses Gordon's claim for breach of implied warranty (Count Two) on that basis.  Since the underlying state warranty claim is dismissed, the MMWA does not apply, and Count Five is likewise dismissed.  *See McCabe v. Daimler AG*, 948 F. Supp. 2d 1347, 1364 (N.D. Ga. 2013) (dismissing the plaintiff's MMWA claims because his state law breach of warranty claims were dismissed, and "'[t]he [MMWA] does not provide an independent cause of action for state law claims'"); *Fedrick v. Mercedes-Benz USA, LLC*, 366 F. Supp. 2d 1190, 1200 n.14 (N.D. Ga. 2005) (noting that "[a]bsent viable breach of warranty claims, [a] [p]laintiff's claim for damages under the [MMWA] . . . fails.").

### B.  Count Two (violation of the Georgia Fair Business Practices Act ("GFBPA"))

NSM argues that Gordon has not alleged any unfair or deceptive act or practice that harmed or could harm the public as is necessary to state a claim under the GFBPA. Gordon concedes this point and seeks leave to amend the Complaint. She, however, does not support her request with any argument or citation to authority.

NSM does not object to Gordon's request to amend and states only that her "concession on the GFBPA claim requires dismissal of her companion claim for punitive damages." The Court thus finds that Gordon's request is unopposed. *See In re Acuity Brands, Inc. Sec. Litig.*, No. 1:18-cv-2140-MHC, 2019 WL 10246166, at *28 (N.D. Ga. Aug. 12, 2019) (finding that the defendant's argument was "unopposed" because the plaintiffs did not respond to it); *Jones v. Bank of America, N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014) (agreeing with the district court's conclusion that "when a party fails to respond to an argument or otherwise address a claim, the [c]ourt deems such argument or claim abandoned"). For this reason and because leave to amend must be granted "freely" (*see* Fed. R. Civ. P. 15(a)(2)), the Court grants Gordon's request to amend Count Two of the Complaint.

In sum, NSM's Motion (ECF No. 13) is **GRANTED** with respect to Counts One and Five and **DENIED** with respect to Count Two. Gordon is granted leave to amend Count Two of the Complaint.

**SO ORDERED** this 1st day of March, 2021.

_____
J. P. BOULEE
United States District Judge